UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL  No. 9:05cr32 |
| RACHEL LOPEZ LUNA | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On December 29, 2005, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Rachel Lopez Luna ("Luna"). The government was represented by Lisa Flournoy, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by court appointed counsel, John Tunnell.

Defendant originally plead guilty to opening or maintaining a place for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 856, a class C felony.  On February 23, 2001, U.S. District Judge Terry R. Means sentenced the defendant to 70 months in prison followed by 3 years supervised release.  Luna commenced her term of supervised release on September 20, 2004, and the government filed this petition to revoke that term of supervised release on August 21, 2005.

The government alleges that the defendant tested positive for cocaine on February 28, 2005, March 8, 2005, and June 30, 2005, failed to submit to drug testing on July 5 and 21, 2005, and failed to notify her probation officer prior to changing residences, all in violation of the terms of supervised release.  As a result of these violations, the government has brought a petition to revoke defendant's supervised release in favor of a term of imprisonment.

As defendant was originally convicted of a Class C felony, if the court finds that the defendant violated the terms of supervised release by testing positive for cocaine on three occasions, the Court may impose a term of imprisonment no longer than 2 years. 18 U.S.C. § 3583(e). Furthermore, U.S.S.G. § 7B1.1(a)(3) provides that defendant's repeated use of cocaine constitutes a Grade B violation, and subjects defendant to a guideline range of 4 to 10 months. U.S.S.G. § 7B1.4(a).

Faced with the government's evidence, defendant plead True to violating a mandatory condition of supervised release requiring her to refrain from unlawfully using any controlled substance, and the government recommended the Court impose a term of imprisonment of 6 months with no supervised release to follow. In exchange, the government agreed not to pursue the other allegations contained in the petition. The defendant had no objection to the government's recommendation.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the defendant, Rachel Lopez Luna, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow.

**SIGNED** this **30** day of **December, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE